UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ROBERT LEE GRIFFITH,** | |
| Plaintiff, | |
| v. | CIVIL NO. SA-14-CV-591-PM |
| **SUSAN L. PAMERLEAU,** | |
| Defendant. | |

### MEMORANDUM DECISION AND ORDER

Pursuant to the consent of the parties and the order of the District Judge assigning this case to the undersigned United States Magistrate Judge for all further proceedings to include entry of final judgment,[1] consistent with the provisions of 28 U.S.C. § 636 and Rule 1of the Local Rules for the Assignment of Duties to United States Magistrate Judges, Appendix C to the Local Court Rules for the Western District of Texas, the following Memorandum Decision and Order is entered.

### I.  JURISDICTION

Jurisdiction is noted pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

### II.  SUMMARY OF PROCEDURAL HISTORY

Plaintiff, Robert Lee Griffith ("plaintiff" or "Griffith"), acting *pro se*, initiated this suit on or about June 30, 2014, when he filed a motion to proceed *in forma pauperis* ("IFP")[2] and an original complaint naming as defendant Susan L. Pamerleau ("defendant"), alleging one claim

---

[1] Docket no. 12.

[2] Docket no. 1.

for false imprisonment.[3] Although plaintiff was confined in the Bexar County Adult Detention Center ("BCAD"), plaintiff now resides at a private residence address in San Antonio.[4]

Plaintiff asserts he was charged with aggravated sexual assault of a child on April 24, 2013, he "turned himself in on May 13, 2013," and was held in custody in lieu of posting "a $75,000 Bond."[5] Plaintiff asserts he proceeded to a jury trial on the charge and the jury acquitted him on June 19, 2014.[6] Plaintiff's § 1983 complaint seeks an award of "lost wages" for the time period June 2013 through June 2014 relating to his single claim of false imprisonment.[7]

The Court granted plaintiff leave to proceed IFP and ordered service on the single defendant, Sheriff Pamerleau.[8] On August 13, 2014, defendant filed an answer to plaintiff's complaint.[9] After both parties filed their consent forms, on September 15, 2014, the District Court ordered the case be reassigned to the undersigned for all proceedings including the entry of final judgment.[10]

On April 7, 2015, defendant filed a motion for summary judgment.[11] The same day, the

---

[3] Docket no. 4 at 1, 3-4 ("original complaint").

[4] Id. at 1, 3.

[5] Id. at 4.

[6] Id.

[7] Id.

[8] Docket nos. 2, 3, 5.

[9] Docket no. 8.

[10] Docket nos. 10, 11, 12.

[11] Docket no. 21.

Court entered a seven-page order informing plaintiff of summary judgment procedures and directing plaintiff to file any response to defendant's motion for summary judgment on or before April 28, 2015.[12] The order included the following advisement:

> Plaintiff is hereby notified that if plaintiff does not file a timely response to defendant's motion as required in this order, the District Judge may enter an order granting the relief requested in defendant's motion for summary judgment as unopposed and/or dismissing plaintiff's claims and case for failure to timely prosecute and/or respond to a Court order.[13]

The docket sheets do not indicate that any party has filed any document after the entry of the order to respond.

### III.  ISSUE

Should defendant's motion for summary judgment be granted or denied?

### IV.  STANDARDS

**A.    Summary Judgment**

The standard to be applied in deciding a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part as follows:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[14]

Mere allegations of a factual dispute between the parties will not defeat an otherwise proper

---

[12]  Docket no. 24.

[13]  Id. at 7 (emphasis in original removed).

[14]  FED. R. CIV. P. 56(a).  See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact.[15] A fact is material if it might affect the outcome of the lawsuit under the governing law.[16] A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[17] Therefore, summary judgment is proper if, under governing laws, there is only one reasonable conclusion as to the verdict; if reasonable finders of fact could resolve a factual issue in favor of either party, summary judgment should not be granted.[18]

The movant on a summary judgment motion bears the initial burden of providing the court with a legal basis for its motion and identifying those portions of the record which it alleges demonstrate the absence of a genuine issue of material fact.[19] The burden then shifts to the party opposing the motion to present affirmative evidence to defeat a properly supported motion for

---

[15] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).

[16] Id. at 248, 106 S.Ct. at 2510; Thomas v. LTV Corp., 39 F.3d 611, 616 (5th Cir. 1994).

[17] Anderson, 477 U.S. at 248, 106 S.Ct. at 2510; Wise v. E.I. DuPont De Nemours & Co., 58 F.3d 193, 195 (5th Cir. 1995).

[18] Anderson, 477 U.S. at 249, 106 S.Ct. at 2510.

[19] Fed. R. Civ. P. 56(c)(1) provides:
Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). See also Celotex, 477 U.S. at 323, 106 S.Ct. at 2552-53.

summary judgment.[20]  All facts and inferences drawn from those facts must be viewed in the light favorable to the party resisting the motion for summary judgment.[21]  "The court need consider only the cited materials, but it may consider other materials in the record."[22]  Summary judgment motions permit the Court to resolve a lawsuit without the necessity of a trial if there is no genuine dispute as to any material facts and the moving party is entitled to judgment as a matter of law.[23]  "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[24]

If "the burden of proof at trial lies with the nonmoving party, the movant may satisfy its

---

[20]  Anderson, 477 U.S. at 257, 106 S.Ct. at 2514-15.

[21]  Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769, 1774 (2007); Hibernia Nat'l Bank v. Carner, 997 F.2d 94, 97 (5th Cir. 1993).  The Supreme Court explained in Scott that:
> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to [the] facts.  As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmonving party, there is no 'genuine issue for trial.'"  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."

550 U.S. at 380, 127 S.Ct. at 1776 (emphasis in original) (quoting FED. R. CIV. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986); Anderson, 477 U.S. at 247-48, 106 S.Ct. at 2510).

[22]  FED. R. CIV. P. 56(c)(3).

[23]  See Fields v. City of South Houston, Tex., 922 F.2d 1183, 1187 (5th Cir. 1991).

[24]  FED. R. CIV. P. 56(c)(2).

initial burden by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."[25]  The movant "must demonstrate the absence of a genuine issue of material fact, but does not have "to negate the elements of the nonmovant's case."[26]  "If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response.[27]  On the other hand, if the movant meets its burden and the non-movant cannot provide some evidence to support its claim, summary judgment is appropriate.[28]  The Court may enter an order that does not grant all the relief requested by the motion, but states that "any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case."[29]

If the nonmovant cannot adequately defend against a motion for summary judgment, the remedy is a motion for relief under Rule 56(d), which provides:

> (d) When Facts Are Unavailable to the Nonmovant.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1)  defer considering the motion or deny it;
> (2)  allow time to obtain affidavits or declarations or to take discovery; or

---

[25] Duffie v. United States, 600 F.3d 362, 371 (5th Cir.) (citing Celotex, 477 U.S. at 325, 106 S.Ct. at 2554) (internal punctuation omitted), cert. denied __ U.S. __, 131 S.Ct. 355 (2010).

[26] Duffie, 600 F.2d at 371; Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

[27] Quorum Health Res., L.L.C. v. Maverick County Hosp. Dist., 308 F.3d 451, 471 (5th Cir. 2002) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

[28] FED. R. CIV. P. 56(e); Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir.), cert. denied, 537 U.S. 824, 123 S.Ct. 111 (2002).

[29] FED. R. CIV. P. 56(g).

(3)  issue any other appropriate order.[30]

Discovery motions under Rule 56(d) are "broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."[31]  To be entitled to a continuance of a summary judgment proceeding to obtain further discovery prior to a ruling on a motion for summary judgment, the party opposing the motion must demonstrate how additional time and discovery will enable the party to rebut the movant's allegations there are no genuine issue of material fact.[32]

**B.  Section 1983**

Section 1983 does not create any substantive rights, but instead provides a remedy for violations of federal statutory and constitutional rights.[33]  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[30]  See FED. R. CIV. P. 56(d).

[31]  Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010) (discussing Rule 56(f)) (internal punctuation omitted); Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir.2006) (same); International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir. 1991) (explaining that under Rule 56(f), "[w]here the party opposing the summary judgment informs the court that its diligent efforts to obtain evidence from the moving party have been unsuccessful, a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.") (citation and internal punctuation omitted), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992); see also Sapp v. Memorial Hermann Healthcare Sys., 406 Fed. A'ppx 866, 869 (5th Cir. 2010).

[32]  See Raby, 600 F.3d at 561 (request for stay "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion") (citations and internal punctuation omitted).

[33]  LaFleur v. Tex. Dep't of Health, 126 F.3d 758, 759 (5th Cir. 1997); Jackson v. City of Atlanta, Tex., 73 F.3d 60, 63 (5th Cir.), cert. denied, 519 U.S. 818, 117 S. Ct. 70 (1996).

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[34]

To state a cause of action under § 1983, a plaintiff's claim for relief must allege facts establishing that: (1) plaintiff has been deprived of a right secured by the Constitution or laws of the United States; and (2) defendant acted under color of state law.[35] The Fifth Circuit has held that "section 1983 imposes liability for violations of rights secured by the Constitution, not violations of duties of care arising out of tort law."[36]

## V. DISCUSSION

Defendant's motion for summary judgment argues judgment should be entered as a matter of law in favor of defendant on plaintiff's single claim of false imprisonment principally on two grounds. First, defendant argues plaintiff "cannot prove the elements of a false imprisonment claim" because the evidence shows plaintiff "was being held with consent and under the authority of law."[37] Second, defendant argues plaintiff "did not exhaust the administrative grievance procedures" prerequisite to a lawsuit alleging a federal civil rights violation.[38] In support of the motion for summary judgment, defendant attaches four exhibits:

---

[34] 42 U.S.C. § 1983.

[35] Doe ex rel. Magee v. Covington Cnty. Sch. Dist., 675 F.3d 849, 854 (5th Cir. 2012); Randolph v. Cervantes, 130 F.3d 727, 730 (5th Cir. 1997), cert. denied, 525 U.S. 822, 119 S. Ct. 65 (1998); Fyfe v. Curlee, 902 F.2d 401, 403 (5th Cir. 1990); Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989).

[36] Lynch v. Cannatella, 810 F.2d 1363, 1375 (5th Cir. 1987).

[37] Docket no. 21 at 1, 2.

[38] Id. at 3, 4.

(1) a copy of the true bill of indictment in plaintiff's criminal case,[39] (2) a copy of the judgment of acquittal by jury in plaintiff's criminal case,[40] (3) a copy of the precept directing the Sheriff of Bexar County to deliver to plaintiff a certified copy of the indictment,[41] and (4) the affidavit of Lance Spengler, Grievance Sergeant and custodian of records of the Bexar County Adult Detention Inmate Grievance Records.[42]  Plaintiff did not file a response to defendant's motion for summary judgment.

### A.    Failure to Timely Prosecute

Plaintiff did not file a response to defendant's motion for summary judgment, notwithstanding the Court's warning in its April 7, 2015 order that his failure to respond could result in his claim and case being dismissed.[43]  Because plaintiff has not filed a response, or explained why he has failed to file a response, the Court can only conclude that plaintiff has failed to timely prosecute his claims.  Therefore, plaintiff's claims against defendant are **dismissed with prejudice** based on plaintiff's failure to comply with the Court's order and timely prosecute his case.

### B.    The Merits of Defendant's Motion

#### 1.    failure to exhaust administrative remedies

Pursuant to the Prison Litigation Reform Act ("PLRA"), plaintiff must exhaust all

---

[39] Id., exhibit A.

[40] Id., exhibit B.

[41] Id., exhibit C.

[42] Id., exhibit D.

[43] Docket no. 24 at 7.

administrative remedies before filing a § 1983 claim based on alleged false imprisonment.[44]  The PLRA provides, in part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.[45]

In two unanimous decisions, the United States Supreme Court has held that the exhaustion requirement, as amended, is mandatory for all "action[s] . . . brought with respect to prison conditions," whether under § 1983 or "any other Federal law."[46]  Specifically, the Court unanimously held:

> [W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.[47]

Further, the Supreme Court held that "[e]ven when the prisoner seeks relief not available in grievance proceeding, notably money damages, exhaustion is a prerequisite to suit."[48]

In his affidavit, Lance Spengler, Grievance Sergeant and custodian of records of the Bexar County Adult Detention Inmate Grievance Records, testifies that plaintiff "did not exhaust

---

[44] See Williams v. Carfrey, No. Civ.A.3:04CV0694-K, 2005 WL 701033, at *5 (N.D.Tex. Mar. 23, 2005).

[45] 42 U.S.C. § 1997e(a).

[46] Porter, 534 U.S. at 524, 122 S. Ct. at 988 (citing Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819 (2001)).

[47] Porter, 534 U.S. at 531-32, 122 S. Ct. at 992.  See Clifford v. Gibbs, 298 F.3d 325, 330-32 (5th Cir.) (prisoner's failure to protect claim dismissed for failure to exhaust administrative remedies and that under Booth and Porter there are no exceptions to PLRA's exhaustion requirement), cert. denied 530 U.S. 1275, 120 S.Ct. 2743 (2000).

[48] Porter, 534 U.S. at 524, 122 S. Ct. at 988 (citing Booth, 532 U.S. at 741, 121 S. Ct. at 1819).  See Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

the grievance procedure for his incarceration from May 13, 2013 through June 19, 2014" because "[a]t no time . . . did inmate Griffith file any grievance(s) asserting his detention was wrongful or that he had met the conditions necessary for release."[49]  Spengler's testimony is uncontroverted. Therefore, no genuine issue of material fact exists as to plaintiff's failure to exhaust administrative remedies before bringing his Section 1983 claim.  Accordingly, defendant's motion for summary judgment is **granted** and to the extent plaintiff seeks an award of money damages on his § 1983 claim for false imprisonment, the claim must be **dismissed** based on plaintiff's failure to exhaust his administrative remedies.

    **2.**    **false imprisonment claim**

The United States Supreme Court has held that "[t]he tort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process*."[50]  Therefore, "[r]eflective of the fact that false imprisonment consists of detention without legal process, false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges."[51]  Accordingly, in the Fifth Circuit

> once 'facts supporting an arrest are placed before an independent intermediary such as a . . . grand jury, the intermediary's decision breaks the chain of causation' for constitutional violations such as false arrest and false imprisonment.[52]

---

[49] Docket no. 21, exhibit D at 1, 2.

[50] Wallace v. Kato, 549 U.S. 384, 389, 127 S. Ct. 1091, 1095-96 (2007) (original emphasis).

[51] Id.

[52] Robinson v. Twiss, No. SA-01-CA-0289-RF, 2003 WL 23879705, at *3 (W.D.Tex. Jul. 9, 2003) (J. Ferguson) (quoting Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994), overruled on other grounds by Castellano v. Fragozo, 352 F.3d 939, 949 (5th Cir. 2003)).

But, the chain of causation is not broken when "the deliberations of that intermediary were in some way tainted by the actions of the defendant[.]"[53]

Here, defendant has presented uncontroverted summary judgment evidence that plaintiff was indicted by a grand jury and plaintiff surrendered himself on the ensuing warrant at the BCAD.[54] The uncontroverted evidence shows plaintiff was held in custody at the BCAD at all times pursuant to process. There is no evidence to show defendant exercised discretion to take plaintiff into custody or to keep plaintiff in custody. Plaintiff also presents no argument or evidence to show defendant tainted the grand jury's deliberations or otherwise played any role in the criminal case proceedings.[55] Accordingly, defendant's motion for summary judgment is **granted** and plaintiff's § 1983 claim for false imprisonment against defendant is **dismissed with prejudice**.

## VI.  CONCLUSION

Based upon the foregoing discussion, defendant's motion for summary judgment[56] is **GRANTED** and plaintiff's claims against defendant are **DISMISSED with prejudice**. The District Clerk is directed to enter judgment in favor of defendant on plaintiff's claim, each side to

---

[53] Taylor, 36 F.3d at 457 (citation omitted).

[54] Docket no. 21, exhibits A and C.

[55] Taylor, 36 F.3d at 457 (citation omitted). Further, the mere fact that plaintiff ultimately was acquitted by a jury does not show that there was no probable cause to charge or arrest him. See Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir. 1982).

[56] Docket no. 21.

bear its own costs.

      **ORDERED, SIGNED** and **ENTERED** this 20th day of May, 2015.

                                              */s/ Pamela A. Mathy*
                                              **PAMELA A. MATHY**
                                              **UNITED STATES MAGISTRATE JUDGE**